# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| JANARIO SMOKES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV616-161 |
| ) | CR615-001 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Janario Smokes pled guilty to a drug charge and received a 151 month sentence on October 21, 2015. CR615-001, doc. 247. He did not appeal his conviction but now seeks to collaterally challenge his sentence through ineffective assistance of counsel claims. Docs. 343 & 344.

I. BACKGROUND

At his plea hearing, the Court read the charges in the indictment and confirmed he understood what the Government would have to do to convict him of those charges. Doc. 348 at 6-7, 12. The Court further clarified that by pleading guilty to the lesser included offense of conspiracy to possess with intent to distribute a controlled substance (cocaine), he was admitting that the "essential elements" of the offense

were "satisfied." Smokes swore he understood and that, indeed, they were. *Id.* at 12. The Court explained the rights he was giving up by pleading guilty, including the rights to a trial, to put forth a defense, and to remain silent, and confirmed that he understood. *Id.* at 7-9, 14-15.

The Court also explained the possible sentences he could face for pleading guilty and that he would be sentenced under the advisory Sentencing Guidelines. Smokes again testified he understood. Doc. 348 at 9-10, 13-14. He testified that he had not been forced or pressured into pleading guilty (*id.* at 3), that no one had promised him an exact sentence (*id.* at 14), that his retained counsel had fully reviewed the indictment and plea agreement with him (*id.* at 9, 14-), and that he was satisfied with his attorney's representation (*id.* at 10). The Court reviewed the terms of the plea agreement, including his waiver of the rights both to appeal his case directly and to collaterally attack his sentence. *Id.* at 16-19. Smokes confirmed it was his intention to do so. *Id.*

The Court thus concluded that Smokes' guilty plea was knowing and voluntary; he affirmed that it was. Doc. 348 at 20; *see also*

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *accord United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n. 8 (11th Cir. 1987) ("While Rule 11 is not insurmountable, there is a strong presumption that the statements made during the colloquy are true."); *United States v. Spitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986) ("[I]f the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.").

The United States Probation Office then prepared a Presentence Investigation Report (PSR), finding a base offense level of 30 pursuant to U.S.S.G. § 2D1.1(c)(6), based on a conservative attribution of "at least 1,524.06 kilograms of marijuana" attributable to Smokes for his role in the trafficking enterprise. PSR ¶¶ 4-7, 13, 18. Smokes' criminal history, however, set his offense level at 32. *Id.* at ¶ 19, 31-32. For acceptance of responsibility, he was given a three-level reduction, leaving a total offense level of 29. *Id.* at ¶¶ 20-22. With that level and criminal history category of VI, the advisory guideline range under the PSR was 151 to 188 months, with a statutory maximum of 20 years. *Id.* at ¶¶ 50 & 51; *see* 21 U.S.C. § 846 & 841(b)(1)(C). Smokes' objections

were resolved prior to sentencing (PSR, Addendum); at sentencing he testified that he had read and discussed the PSR with his attorney and that he had no remaining objections. Doc. 341 at 5.

The Court adopted the PSR's findings of fact and Guidelines calculations. Based on counsel's argument regarding Smokes' ephemeral, minor role in the enterprise, and nonviolent criminal history, it imposed a 151-month sentence, which was at the lowest end of the advisory Guidelines range. Doc. 341 at 12-18. It then entered Judgment for 151 months' imprisonment. Doc. 247. Smokes did not appeal. *See* doc. 163 at 4 (plea agreement waiving right to direct appeal) & doc. 243 (Post-Conviction Consultation Certification, attesting he had "decided not to file an appeal, and [that his] attorney ha[d] explained to [him] the consequences of failing to do so.").

## II. ANALYSIS

Movant argues that his attorney was ineffective for failing to (1) "fully investigate the adequacy of his criminal history category," (2) move for a downward departure under U.S.S.G. § 4A1.3(b)(1), (3) argue for a § 5K1.1 section reduction after he "fully satisfied his obligations under the terms of the Plea Agreement," and (4) "advocate

4

for the benefits to which [movant] is entitled" under the plea agreement. Doc. 344 at 3-8. Because of these errors, he claims, his plea agreement (and, thus, his double waiver of his direct and collateral appeal rights) was unknowingly and involuntarily made. *Id.* All of these claims fail.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In evaluating adequacy of performance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001).

As to the prejudice prong, the prisoner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the

5

result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice.").

Smokes faults his attorney for failing to object to the calculation of his criminal history and move for a downward departure. Doc. 344 at 5-6. But for counsel's failures, he believes, a "viable argument could have been made to support a finding that his criminal history significantly over-represented the seriousness of his criminal history." *Id.* at 6. But at sentencing, Smokes said he had reviewed with counsel and had no objections to the PSR. Doc. 341 at 4-5. And his criminal history included 2 prior convictions for sales of cocaine, serious drug offenses which classed him as a career offender under the Guidelines. PSR at ¶¶ 24-32; *see* U.S.S.G. § 4B1.1(a)(3) (requiring "at least two" predicate convictions). No argument counsel could have made would have unwound Smokes' criminal history or changed his career offender

6

status. And the failure to raise a meritless issue does not render his performance deficient. *Diaz-Boyzo v. United States*, 294 F. App'x 558, 559 (11th Cir. 2008); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

Further, contrary to movant's contention, counsel *did* request a downward variance and asked that the Court sentence Smokes below the advisory guidelines. Doc. 341 at 12-16. He highlighted movant's "short-lived," minor role in the conspiracy as a "street-level dealer," "not a leader," and emphasized that his criminal history was both nonviolent and "not extensive." *Id.* at 12-13. Counsel also argued that the probation officer had recommended the lowest end of the sentencing guidelines, and that movant had been both "cooperative and respectful with authorities throughout the prosecution process despite his not pursuing the 5K1.1 [motion for downward departure] at the moment." *Id.* at 14-15; *see also id.* at 16-17 (prosecutor noting that Smokes was in a good position for a § 5K1.1 motion if he continued cooperating).

In view of counsel's argument, though the Court determined that movant was "accurately characterized as a career offender," it imposed sentencing at the lowest end of the guidelines -- only one month higher

7

than the highest end of the range *absent* a career offender enhancement. *Id.* at 17-19. Though he may not have appreciated fully counsel's effective advocacy at the time, Smokes actually received the full benefit of counsel's expertise. Despite being properly found a career offender under the guidelines in yet another cocaine sale, counsel successfully secured a sentence only one month removed from the sentence Smokes seeks now in his § 2255 motion: one without the career offender enhancement.

Smokes' post-sentencing claims also fail. There is no evidence that he sought a § 5K1.1 motion based on his cooperation, so counsel cannot be faulted for pursuing one. *See* doc. 341 at 15 (explaining that Smokes had elected not to pursue a § 5K1.1 motion based on "some ancillary factors"). Moreover, the plea agreement he signed only obligated the Government to "consider" whether such a motion was appropriate -- *not* to file that motion under any and all circumstances. Doc. 163 at 7-8 (noting that any motion "conditioned on his cooperation and truthfulness" would be made at the Government's "sole discretion"); *see also* doc. 348 at 14 (testifying that no one had promised him an exact sentence). To the extent Smokes believes he fully cooperated and

the Government should have filed a § 5K1.1 motion but didn't, that *discretionary* decision is a matter outside this Court's § 2255 purview. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992) (a prosecutor's refusal to file a substantial-assistance motion will be reviewed only if based on an unconstitutional motive, *i.e.*, defendant's race or religion; mere refusal or "generalized allegations of improper motive" will not entitle a defendant to a remedy, discovery, or even an evidentiary hearing).

The Court cannot ascertain what other unidentified benefits Smokes believes he was entitled to under the plea agreement, aside from general dissatisfaction with his final 151-month sentence. *See* docs. 343 & 344. But his regret that things didn't go as well as he might have hoped cannot sustain an IAC claim. *See Freeman v. United States*, 2011 WL 2680494 at *5 (N.D. Ga. June 10, 2011) ("All [m]ovant shows is that [he] would have preferred a more favorable plea agreement -- such a showing could be made by almost anyone who has entered a guilty plea.").

Finally, to the extent defendant implies that his plea was unintelligently made based on his disappointment with the sentencing

outcome, his claim fails on the merits. Smokes is bound by his unambiguous testimony that he was in fact guilty of the charge, was satisfied with counsel and the way he'd represented him, fully understood the charges against him and what he was pleading guilty to, had had the charges and applicable guideline ranges fully explained to him, and that no one had pressured him or coerced him to plead guilty. Doc. 348 at 6-23; *see Blackledge*, 431 U.S. at 74; *Gonzalez-Mercado*, 808 F.2d at 800 n. 8; *Stitzer*, 785 F.2d at 1514 n. 4. Movant cannot now escape his sworn testimony at the Rule 11 hearing that his plea was knowingly and voluntary made to now claim his plea was neither.

## III. CONCLUSION

Accordingly, Janario Smokes' § 2255 motion should be **DENIED**.[1] For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate

---

[1] Because his motion is entirely without merit and his contentions are unambiguously contradicted by the record, Smoke's request for an evidentiary hearing (docs. 343 at 13 & 344 at 9) is **DENIED**. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a hearing is unnecessary "if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (same); *Lynn,* 365 F.3d at 1239 (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __17th__ day of February, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA